Freemas, J.,
delivered the opinion of the court.
This was an action to recover $320 due upon an •account, in which an ancillary attachment was issued, upon the affidavit of the plaintiff.
A plea to the cause of action was filed, denying the indebtedness; and there were filed, also, a number •of pleas in abatement to the attachment, putting in issue the existence of the causes of attachment as alleged.
The case seems to have been submitted to the jury ■on both issues, but they have failed entirely to make any response whatever to the pleas in abatement. Their finding in favor of the plaintiffs as to the debt is not questioned, and must be affirmed. But .the judgment rendered by the court against the sureties on the replevy bond must be reversed, as the question remains to be tried, whether the party properly had any attachment. We may remark that, as we have several times held, it would have been the better practice to submit the issues on the plea in abatement to the causes of attachment separately to a jury, before the trial of the main suit, as it would have enabled the court, if the attachment were sustained, to render a complete judgment, and to order a sale of the property to satisfy the plaintiff’s debt.
The result is, that the case must be remanded, to be tried as to the issues on the pleas in abatement.
*374 The judgment is affirmed against the original defendants.
If the issues on the pleas in abatement be found in favor of the plaintiffs, and the causes of attachment thereby established, a judgment can then be rendered against the sureties on the replevy bond.
Numerous errors are found in the charge, but as they are not likely to occur again, we need not notice them.